NO. 07-97-0375-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 29, 1998

_____

JOE LEE MACKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

**ABATEMENT AND REMAND**
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-424936; HONORABLE JIM B. DARNELL, JUDGE

_____

Before BOYD, C.J., and DODSON and REAVIS, JJ.

From a not guilty plea, appellant Joe Lee Mackey, was convicted of delivery of less than four grams but more than one gram of cocaine. Upon finding the indictment's two enhancement averments true, the jury assessed his punishment at sixty-five years confinement in the Texas Department of Criminal Justice,

Institutional Division.  Appellant timely filed his notice of appeal.

The clerk's record was filed on December 31, 1997, and the reporter's record was filed on January 29, 1998.  Appellant is represented by appointed counsel in this appeal.  We granted appointed counsel three extensions to file appellant's brief, the last being due on May 26.

On July 8, this Court informed the district attorney and appellant that the appellant's brief was due on May 26, and yet no brief had been filed.  The Court further advised them that the appeal would be abated and the cause remanded for a factual hearing unless appellant filed with this Court, within ten (10) days, a response satisfactorily explaining the absence of the brief.  Tex. R. App. P. 38.8(b).  No such response has been received.

Accordingly, we abate the appeal and remand the case to the trial court for proceedings under Rule 38.8(b).  In pertinent part, this rule provides:

> (1) *Effect.*  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.
>
> (2) *Notice.*  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, <u>the court must order the trial court to immediately conduct a hearing to determine whether the</u>

<u>appellant desires to prosecute his appeal, whether the</u>
<u>appellant is indigent,</u> or, if not indigent, whether
retained counsel has abandoned the appeal, and to make
appropriate findings and recommendations.  (Emphasis
added).

(3) *Hearing.*  In accordance with (2), the trial court
must conduct any necessary hearings, make appropriate
findings and recommendations, and have a record of the
proceedings prepared, which record--including any order
and findings--must be sent to the appellate court.

(4) *Appellate court action.*  Based on the trial court's
record, the appellate court may act appropriately to
ensure that the appellant's rights are protected,
including initiating contempt proceedings against
appellant's counsel.  If the trial court has found that
the appellant no longer desires to prosecute the appeal,
or that the appellant is not indigent but has not made
the necessary arrangements for filing a brief, the
appellate court may consider the appeal without briefs,
as justice may require.

Upon remand, the trial court shall immediately cause notice of

a hearing to be given and, thereafter, conduct a hearing to

determine the following:

1.  whether appellant still desires to prosecute the
appeal;

2.  whether appellant is still indigent and entitled to
appointed counsel;

3.  whether counsel for appellant has abandoned the
appeal; and

4.  whether appellant has been denied effective
assistance of counsel given his attorney's failure to
file a brief.

If the trial court finds that the appellant is still indigent, the

trial court shall take such measures as may be necessary to assure

effective representation of counsel, which may include the

-3-

appointment of new counsel.  Accord Tex. R. App. P. 38.8(b) (2) & (3).  If the trial court appoints counsel for appellant, the judge shall state the name, address, and state bar number of said counsel in the court's findings.  Moreover, the court shall further order appellant's counsel or appointed counsel to file appellant's brief no later than thirty (30) days after the date of the abatement hearing.

Upon remand, the judge of the trial court shall immediately cause notice to be given of, and shall conduct a hearing in accordance with provisions of Rule 38.8(b), supra, to determine the matters stated therein and enumerated above.  After the hearing, the trial court shall cause the preparation of a supplemental clerk's record containing the court's findings of fact, conclusions of law, and such orders as the court may make and sign.  Then the trial court shall cause the supplemental clerk's record and the reporter's record made at the hearing to be submitted to this Court not later than August 31, 1998.

It is so ordered.

Per Curiam

Do not publish.  Tex. R. App. P. 44.4.